[Cite as *State v. Gill*, 2025-Ohio-1805.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240541 |
| | | TRIAL NO. B-2005012 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| AARON GILL, | : | |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is reversed and the cause is remanded for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/21/2025 per order of the court.**

**By:**_____
       **Administrative Judge**

[Cite as *State v. Gill*, 2025-Ohio-1805.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-240541 |
|  |  | TRIAL NO. | B-2005012 |
| Plaintiff-Appellee, | : |  |  |
|  |  |  |  |
| vs. | : |  |  |
|  |  | *O P I N I O N* |  |
| AARON GILL, | : |  |  |
|  |  |  |  |
| Defendant-Appellant. | : |  |  |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: May 21, 2025


*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William F. Oswall, Jr.*, for Defendant-Appellant.

**CROUSE, Judge.**

**{¶1}** Defendant-appellant Aaron Gill appeals from the trial court's entry resentencing him on multiple offenses following a remand from this court in *State v. Gill* ("*Gill I*"), 2024-Ohio-2792 (1st Dist.). He raises two assignments of error challenging the sentences imposed.

**{¶2}** Following our review of the record, we hold that the trial court failed to follow this court's instructions on remand and did not merge allied offenses of similar import. Therefore, we must again reverse the sentences imposed for all offenses except for the sentence imposed on Count 8 for the offense of having a weapon while under disability and remand this cause for resentencing.

### I.    *Factual Background and Gill's First Appeal*

**{¶3}** Gill was charged in an indictment with 16 felony offenses. The first seven offenses related to his role in a shooting that resulted in the death of Felisa Tremble, and these charges were ultimately dismissed for want of prosecution. The latter nine offenses, Counts 8 through 16 in the indictment, concerned contraband that was recovered during a search of Gill's apartment, and it is these nine charges that are the subject of this appeal.

**{¶4}** Counts 8 through 16 of the indictment charged Gill with having a weapon while under disability ("WUD"), trafficking in heroin, possession of heroin, trafficking in cocaine, possession of cocaine, trafficking in a fentanyl-related compound, possession of a fentanyl-related compound, aggravated trafficking in drugs, and aggravated possession of drugs. Each trafficking and possession offense was accompanied by a major-drug-offender ("MDO") specification and a firearm specification.

**{¶5}** In exchange for the State dismissing the MDO specifications to Counts

9 and 10, Gill pled no contest to Counts 8 through 16 and all remaining specifications. The trial court imposed separate sentences for each offense. It ordered that the sentences imposed for the offenses of trafficking in heroin in Count 9 and trafficking in a fentanyl-related compound in Count 13 be served consecutively. The sentences imposed on the remaining offenses were to be served concurrently with each other and with the sentences imposed on Counts 9 and 13. The trial court also imposed three years of imprisonment on each MDO specification and one year of imprisonment on each firearm specification. These specifications were to be served consecutively to the sentences imposed on the underlying offenses that the specifications accompanied. Altogether, Gill received an aggregate sentence of 20 to 25.5 years' imprisonment.

{¶6} Gill appealed to this court. *See Gill I*, 2024-Ohio-2792 (1st Dist.). We affirmed Gill's convictions, but we reversed all sentences that had been imposed except for the sentence imposed for the offense of WUD in Count 8. We held that (1) the various trafficking and possession convictions for each respective drug were allied offenses of similar import that must be merged, (2) the trial court was only permitted by law to impose a sentence on one of the firearm specifications and the remaining firearm specifications should have been merged at sentencing, (3) the trial court failed to make the necessary findings before imposing consecutive sentences, and (4) additional prison terms could only be imposed for the MDO specifications attached to offenses involving a fentanyl-related compound. *Id*. at ¶ 61 and 101.

{¶7} The trial conducted a new sentencing hearing on remand. At that hearing, the following sentences were imposed in open court:

4

| Count | Offense | Sentence |
|---|---|---|
| 8 | WUD | 36 months of imprisonment[1] |
| 9 | Trafficking in Heroin | 11 years of imprisonment; Firearm specification is merged with Count 13 |
| 10 | Possession of Heroin | 11 years to 16.5 years of imprisonment; Firearm specification is merged with Count 13 |
| 11 | Trafficking in Cocaine | 11 years of imprisonment; Firearm specification is merged with Count 13 |
| 12 | Possession of Cocaine | 11 years of imprisonment; Firearm specification is merged with Count 13 |
| 13 | Trafficking in a Fentanyl-Related Compound | 11 years to 16.5 years of imprisonment; Five consecutive years of imprisonment on MDO specification; One consecutive year of imprisonment for firearm specification |
| 14 | Possession of a Fentanyl-Related Compound | 11 years of imprisonment; Firearm specification is merged with Count 11[2] |
| 15 | Aggravated Trafficking in Drugs | 11 years of imprisonment; Firearm specification is merged with Count 11 |
| 16 | Aggravated Possession of Drugs | 11 years of imprisonment; Firearm specification is merged with Count 13 |

{¶8}   The trial court stated, "Counts 9, 10, 11, 12, 13, 14, 15, 16 are allied offenses of similar import and merged for purposes of sentencing." But it nevertheless imposed separate sentences for each of those counts.

{¶9}   In accordance with our instructions in *Gill I*, the trial court made the

---

[1] The trial court should not have sentenced Gill anew on this offense, as the sentence for Count 8 was not reversed in *Gill I*, 2024-Ohio-2792 (1st Dist.).

[2] Although the trial court stated that the firearm specification to this count, as well as the firearm specification to Count 15, merged with the firearm specification to Count 11, no sentence was imposed for the firearm specification to Count 11, as it also was merged with the firearm specification to Count 13.

necessary findings to support the imposition of consecutive sentences. But it never ordered at the sentencing hearing that the sentences imposed for any two offenses were to be served consecutively to each other.

**{¶10}** The court additionally stated that all MDO specifications were merged for purposes of sentencing, and that a sentence was only imposed on the MDO specification accompanying Count 13 for trafficking in a fentanyl-related compound. The court also stated that all firearm specifications were merged.

**{¶11}** The corresponding sentencing entry provided that the sentences imposed for the offenses of WUD in Count 8 and trafficking in a fentanyl-related compound in Count 13 were to be served consecutively. The entry further stated that "the sentences in counts 9, 10, 11, 12, 14, 15, and 16 are to be served concurrently with each other and concurrently with the sentences in counts 8 and 13." According to the sentencing entry, Gill received an aggregate sentence of 20 to 25.5 years of imprisonment.

**{¶12}** Gill now appeals.

## II. *Failure to Merge Allied Offenses*

**{¶13}** We address Gill's assignments of error out of order, as his second assignment of error is dispositive of this appeal. In the second assignment of error, Gill argues that the sentences imposed were contrary to law and must be reversed because the trial court's sentencing entry did not match what was pronounced in court.

**{¶14}** Pursuant to R.C. 2953.08(G)(2), we may only modify or vacate a felony sentence if we clearly and convincingly find that the record does not support the trial court's sentencing findings under certain specified divisions, including "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code," or if we find that the sentence is otherwise

contrary to law. *See also State v. Truesdell*, 2024-Ohio-5376, ¶ 72 (1st Dist.).

**{¶15}** Gill argues that, despite stating at the sentencing hearing that Counts 9 through 16 were allied offenses of similar import and were merged for purposes of sentencing, the trial court failed to merge the offenses in the sentencing entry and instead ordered that the sentences were to be served concurrently.

**{¶16}** In *Gill I,* this court held that "the trial court erred in failing to merge Gill's respective trafficking and possession convictions." *Gill I*, 2024-Ohio-2792, at ¶ 54 (1st Dist.). We specifically instructed the trial court that the trafficking and possession convictions for each respective drug must be merged at sentencing. *Id*. at ¶ 101. The trial court failed to do so.

**{¶17}** At the resentencing hearing, the trial court imposed a separate sentence for each offense. It then stated, "Counts 9, 10, 11, 12, 13, 14, 15, 16 are allied offenses of similar import and merged for purposes of sentencing."

**{¶18}** This language was insufficient at best and erroneous at worst. The six offenses were not *all* allied offenses of similar import that must be merged. Rather, as we stated in *Gill I*, the trafficking and possession convictions *for each respective drug* must be merged. *Id.* The offenses of trafficking in heroin in Count 9 and possession of heroin in Count 10 were allied offenses of similar import that were subject to merger. The offenses of trafficking in cocaine in Count 11 and possession of cocaine in Count 12 were allied offenses of similar import that were subject to merger. The offenses of trafficking in a fentanyl-related compound in Count 13 and possession of a fentanyl-related compound in Count 14 were allied offenses of similar import that were subject to merger. And last, the offenses of aggravated trafficking in drugs in Count 15 and aggravated possession of drugs in Count 16 were allied offenses of similar import that were subject to merger. On remand, the trial court must independently specify which

7

sets of offenses are merged.

{¶19} Further, where two offenses are allied offenses of similar import, the trial court may only impose sentence on one of the two offenses. Here, the trial court imposed a separate sentence for each offense and then stated that they were merged. On remand, the State must elect which offense out of each group of allied offenses it would like to pursue. "The trial court should then sentence [Gill] on only those [four] counts upon which the state has elected to proceed." *See State v. Pruitt*, 2011-Ohio-4948, ¶ 5 (1st Dist.). No sentences may be imposed on the offenses that the State elects not to pursue.

{¶20} Because the trial court failed to merge allied offenses of similar import, the sentences imposed on Counts 9 through 16 must be reversed. Gill's second assignment of error is accordingly sustained.

{¶21} Our resolution of this assignment of error has rendered moot Gill's first assignment of error, in which he argues that the sentence imposed for his WUD conviction in Count 8 was contrary to law because the trial court ran that sentence consecutive to his sentence on another count.

{¶22} We have discovered several other errors in the trial court's sentencing entry that we encourage the trial court to ensure are not repeated on remand. First, the sentences set forth in the sentencing entry for Counts 9, 10, and 13 differ from the sentences imposed for those offenses in open court at the sentencing hearing.

{¶23} Second, the sentencing entry provided that the MDO specifications to Counts 9, 10, 11, 12, 14, 15, and 16 merged with the MDO specification to Count 13. But the MDO specifications to Counts 9 and 10 were dismissed pursuant to Gill's no-contest pleas. And, as set forth in *Gill I*, the trial court was only permitted by law to impose an additional sentence on the MDO specifications for offenses involving a

fentanyl-related compound. *Gill I*, 2024-Ohio-2792, at ¶ 101 (1st Dist.).

**{¶24}** Third, while the sentencing entry provided that the sentences imposed on two offenses were to be served consecutively, the trial court did not inform Gill in open court at the sentencing hearing that these sentences would be served consecutively, instead only making the consecutive-sentences findings. If the trial court desires to impose consecutive sentences on remand, it must not only make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing, but also inform Gill of the specific sentences that are to be served consecutively.

### III.   Conclusion

**{¶25}** The trial court erred in imposing separate sentences on multiple groups of allied offenses of similar import. The sentences imposed for the offenses of trafficking in heroin, possession of heroin, trafficking in cocaine, possession of cocaine, trafficking in a fentanyl-related compound, possession of a fentanyl-related compound, aggravated trafficking in drugs, and aggravated possession of drugs are reversed, and this cause is remanded for resentencing in accordance with the law and this opinion.

Judgment reversed and cause remanded.

**ZAYAS, P.J.,** and **BOCK, J.,** concur.